NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000589
28-FEB-2014
08:06 AM**

NO. CAAP-12-0000589

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant, v.
RICHARD K. MYERS, Defedant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. No. 11-1-1681)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge and Fujise, J.,
with Ginoza, J., concurring separately)

Plaintiff-Appellant State of Hawaiʻi (State) appeals from the May 21, 2012 "Findings of Fact, Conclusions of Law, and Order Granting Motion to Suppress Evidence" (Order) and the July 19, 2012 "Order Denying State's Motion for Reconsideration of [Order]" (Reconsideration Order) issued by the Circuit Court of the First Circuit (Circuit Court).[1]

Through these two orders, the Circuit Court granted Defendant-Appellee Richard K. Myers's (Myers) Motion to Suppress Evidence (Motion to Suppress), in which Myers moved the court to suppress (1) a "clear[,] plastic zip lock bag" (ziplock bag) containing crystal methamphetamine (crystal meth), seized by the police on November 21, 2011; and (2) Myers's statement which he made at the time the police seized the ziplock bag.

---

[1] The Honorable Colette Y. Garibaldi presided.

On appeal, Plaintiff-Appellant State of Hawai'i (State) argues that the Circuit Court erred in granting Myers's Motion to Suppress because, inter alia Myers did not assert a reasonable expectation of privacy in either the ziplock bag or the red shopping bag (shopping bag) in which he dropped the ziplock bag. After a careful review of the points raised and arguments made by the parties, the relevant authority and the record, we resolve the State's appeal as follows, vacate the Order and Reconsideration Order and remand for further proceedings.

The uncontested findings of fact made by the Circuit Court are as follows:

1. On November 21, 2011, at approximately 9 a.m., Officer Tomita and Officer Ozoa were patrolling Kamalii Park on segways.

2. From approximately ten (10) feet away, Officer Tomita observed [Myers] seated with his back against a planter; [Myers] appeared to be shaking [the ziplock bag] which was approximately 1-2 square inches in size.

3. [Myers] was holding the [ziplock bag] between the thumb and index finger of his left hand.

4. Officer Tomita observed the [ziplock bag] to contain a white crystalline substance which -- based up on Officer Tomita's training and experience -- appeared to be [crystal meth].

5. Upon making this observation, Officer Tomita approached [Myers] on his segway.

6. While Office[r] Tomita was approaching [Myers], [Myers] looked at Officer Tomita and then dropped the [ziplock bag] into the [shopping bag] located between [Myers]'s legs.

7. The [shopping bag] belonged to [Myers].

8. Officer Tomita does not recall what [Myers] did with his hands after dropping the [ziplock bag] into the [shopping bag].

9. Officer Tomita arrived at [Myers]'s location within a few seconds after his initial observation.

10. Officer Tomita stood over [Myers] and observed the [ziplock bag] and other contents within the [shopping bag].

11. Officer Tomita took the [shopping bag] and walked five (5) feet away to a nearby planter.

12. As he was walking away with the [shopping bag], Officer Tomita recovered the [ziplock bag] from within the [shopping bag].

13. Officer Tomita did not obtain a warrant prior to recovering the [ziplock bag] from within the [shopping bag].

14. [Myers] did not consent to any seizure of the [shopping bag] and/or any of its contents.

Based on these facts, the Circuit Court ruled that Officer Tomita observed the ziplock bag containing crystal meth in "open view" inside the shopping bag. We agree.

"When a governmental intrusion does not invade an individual's legitimate expectation of privacy, there is no search subject to the Warrant Clause." State v. Meyer, 78 Hawai'i 308, 312, 893 P.2d 159, 163 (1995) (citation and internal quotation marks omitted). In Meyer, the Hawai'i Supreme Court explained:

> A "search" implies that there is an exploration for an item or that the item is hidden. However, neither factor is present in open view or plain view observations, and neither observation involves a search in the constitutional sense. In other words, neither open view nor plain view observations involve an invasion of an individual's reasonable expectation of privacy.

Id. at 312, 893 P.2d at 163 (citations omitted).

With regard to the seizure of an object seen in open view,

> the warrantless seizure of the evidence in question depends on whether the item is in a constitutionally protected area. If the evidence is not in an area where there is a reasonable expectation of privacy, that is, if it is located in a common space, such evidence is subject to seizure by the governmental agent who spots it, without the necessity of a warrant or exigent circumstances. "If a police officer sees probable evidence in open view in a constitutionally non-protected area, he or she may, of course, seize it. He or she seizes it because there is no constitutional provision to gainsay the seizure." State v. Hook, 60 Haw. 197, 201, 587 P.2d 1224, 1228 (1978) (citation omitted).

Meyer, 78 Hawai'i at 313, 893 P.2d at 164 (brackets omitted). Whether an area is constitutionally protected depends on (1) whether a person has exhibited an actual, subjective expectation of privacy that (2) society would deem objectively reasonable. State v. Bonnell, 75 Haw. 124, 139, 856 P.2d 1265, 1274 (1993) (adopting two-part test established in Katz v. United States, 389 U.S. 347, 361 (1967) and where trial court found defendants

"demonstrated subjective expectations . . . that their activities in that area would remain private."). Both parts of this test must be satisfied.

Here, the Circuit Court concluded that Officer Tomita observed the ziplock bag in the shopping bag in "open view." Conclusion of Law ¶4. This conclusion is supported by Officer Tomita's testimony[2] that, after Myers saw him approach, he observed Myers drop the ziplock bag into the shopping bag held between Myers's legs, the shopping bag remained open and he observed the ziplock bag resting on top of the other contents in the shopping bag. Conversely, the Circuit Court made no findings that Myers took any steps to shield the contents of the shopping bag from public view, or to otherwise exhibit an actual expectation of privacy.

However, the Circuit Court also concluded that the shopping bag was a "constitutionally protected area" because Myers had a "reasonable expectation of privacy" in the shopping bag. Given the facts as found by the Circuit Court, stated above, the Circuit Court was incorrect in its conclusion that the shopping bag was a constitutionally protected area as the Circuit Court found no facts that would support the conclusion that Myers exhibited an actual expectation of privacy in the shopping bag. Having no facts satisfying the first prong of the Katz/Bonnell test, the conclusion that Myers had a reasonable expectation of privacy in the shopping bag was insufficient to conclude the shopping bag was a constitutionally protected area. Therefore the seizure of the ziplock bag was not illegal and the subsequent statement by Myers should not have been suppressed. Meyer, 78 Hawai'i at 313, 893 P.2d at 164 ("If a police officer sees

---

[2] Myers testified that, after he dropped the ziplock bag into the shopping bag, he picked up a notebook that was in the shopping bag and covered the opening of the shopping bag with the notebook, such that one could not see the ziplock bag in the shopping bag. The Circuit Court made an oral finding that it found Officer Tomita's testimony "far more credible" than Myers's and did not make a finding that Myers had covered the opening of the shopping bag after he dropped the ziplock bag into it. The Circuit Court did not change its ruling in this respect on reconsideration.

probable evidence in open view in a constitutionally non-protected area, he or she may, of course, seize it.") (citation and internal quotation marks omitted).

Therefore, the May 21, 2012 Order and the July 19, 2012 Reconsideration Order are hereby vacated and the case is remanded to the Circuit Court of the First Circuit for further proceedings.

DATED: Honolulu, Hawai'i, February 28, 2014.

On the briefs:

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Evan S. Tokunaga,
Deputy Public Defender,
for Defendant-Appellee.

Presiding Judge

Associate Judge